### 23178. DOYAL *v.* CITY OF ROME.

Decided February 28, 1934.

*Porter & Mebane,* for plaintiff. *John W. Bale,* for defendant.

STEPHENS, J. Paul H. Doyal brought suit against the City of Rome, and in his petition alleged, that, by an ordinance passed by the governing authorities of the city, he, while holding the position of city attorney, was employed by the defendant to compile a city code for the City of Rome, for which service he was to be paid the sum of $1000, that he performed the service according to contract, but has not been paid therefor. A demurrer to the petition was sustained, and the plaintiff excepts.

The contract is not one increasing the plaintiff's salary as city attorney. If it were, it would be invalid since it is provided in the charter of the City of Rome (Ga. L. 1918, p. 813, § 23), that all salaries for officers, including the city attorney, "shall not be increased or diminished during their continuance in office." It is a contract to pay the plaintiff for some special service to be rendered by him to the city.

It is also provided in the charter of the City of Rome (Ga. L. 1918, p. 813, 878, § 119) that it is unlawful "for any officer of said city to be interested, either directly or indirectly, in any contract with the City of Rome, or any subordinate agency thereof, having for its object the public improvement of the city, or any part thereof, or the expenditure of its money." There is also provided a penalty for a violation of this provision.

This provision of the charter, which prohibits any officer of the city from becoming interested in a contract which has for its object the expenditure of the city's money, has not been declared unconstitutional, and no question as to its constitutionality is presented. The effect of the decision of the Supreme Court in *Arrington* v. *State,* 148 *Ga.* 115 (95 S. E. 980), declaring unconstitutional a similar provision in the charter of the City of Rome as contained in an act of the legislature enacted in the year 1909 (Ga. L. 1909, p. 1255), where it declared the provision unconstitutional upon the ground that it related to matter not expressed in the caption of the act, is not to declare unconstitutional a provision to the same effect contained in another act, as the above-quoted provision contained in section 119 of the act of 1918 (Ga. L. 1918, p. 878). In so far as the decision applies to any other act, it has only the force and effect of a precedent under the doctrine of stare decisis.

The contract sued on provides for the payment to the plaintiff of $1000 of the city's money. It certainly provides for an "expendi-

ture of its money," and the plaintiff, being the recipient of this money, certainly has an interest in the contract. The plaintiff, at the time of the execution of the contract, was the city attorney for the City of Rome, and as such was an officer of the city. His appointment is provided for by a commission, which is the governing authority of the city, by section 18 of the charter. In section 23 of the charter he is referred to as an officer, and it is there provided that he shall give bond and take an oath that he will "faithfully perform the duties of his office." Such is the usual oath required of a public officer. The contract is one for the expenditure of the city's money, and in which an officer of the city is directly interested. Is it within the inhibition of the above-quoted provision of the city charter?

It is contended by counsel for the plaintiff that this provision of the charter has no application to the contract of the character sued on. They contend that it has reference only to contracts which have for their object the expenditure of money on some large scale, as in public improvements, such as in building a city hall, paving streets, beautifying parks, etc., where the exercise of discretion and judgment are involved, and there are afforded opportunities for showing favoritism and collecting "graft." They contend that it does not relate to a contract such as the one sued on, which they characterize as one calling for the "rendering of an expert's special services at a set sum of money" and can not be "farmed out," or out of which there would be "no opportunity of making money or profit." There is nothing in this provision of the charter which indicates any distinction between the two classes of contracts indicated by counsel for the plaintiff. This provision prohibits any officer of the city from being interested in any contract which has for its object the expenditure of the city's money. A contract having for its object a public improvement or the expenditure of the city's money is a contract which makes provision for a public improvement or for the expenditure of the money of the city. The vice in a contract which, it seems, is sought to be obviated by this provision of the charter is the participation by a city official in any pecuniary benefit, outside of the emoluments of his office, in a contract to which the city is a party and by which the city's money is to be expended.

Irrespective of any statutory inhibition upon the conduct of the officials of a city with respect to making contracts with the city out

of which they obtain a pecuniary benefit, such contracts are against sound public policy. The officials, by such contracts, necessarily acquire interests antagonistic to the interests of the city which they are supposed to serve. They could by such contracts be placed in situations where the proper performance of their public duties could be interfered with. The government of a city would get into a maze of entanglements if its officials were turned loose and permitted, even honestly and with the best of motives, to tie themselves up into contractual relations with the city, where, by virtue of conflicting interests, the proper administration of the city's affairs might be interfered with. The contract sued on seems to be not only contrary to public policy, but within the inhibitions of the charter provision which makes it unlawful, under a penalty, for a city official to be interested in a contract which has for its object the expenditure of the city's money. For this reason the contract sued on is void and unenforceable.

We are in sympathy with the meritorious claim of the plaintiff to recover compensation for his services, but we are bound by the law as we understand it.

The petition fails to set out a cause of action, and the court did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*